A. Méndez & Brother, Plaintiffs and Appellants, *v.* Carlos R. Chavier, Defendant.—Rafael V. Pérez Marchand, Intervenor and Appellee.

No. 4729.   Argued May 1, 1929.—Decided June 18, 1929.

*Carlos del Toro Fernández* for the appellants.   *R. V. Pérez Marchand* for the appellee.

Mr. Justice Texidor delivered the opinion of the court.

A. Méndez & Brother of San Juan brought an action of debt in the District Court of San Juan against Carlos R. Chavier and alleged that the defendant, feigning to have funds in the firm of Cabrera & Co. of New York, had borrowed $600 in cash from the plaintiffs, and had given them checks of $100 each drawn on the said firm; that on being presented the checks were not accepted by Cabrera & Co. because Chavier had no funds in the said firm; that Chavier was notified but has not paid the said sum either totally or partially. The complaint was verified. The plaintiffs filed at the same time a motion to secure the effectiveness of the judgment, the motion was sustained and the marshal of the District Court of San Juan attached the sum of one thousand dollars in cash in the custody of the clerk of the court as a part of the sum of one thousand two hundred and fifty dollars which had been deposited by Carlos Aguayo at the disposal of Carlos R. Chavier in payment of a judgment in civil case No. 794 for damages prosecuted by Chavier against Aguayo.

The case was transferred to the District Court of Ponce and defendant Chavier filed a verified answer denying the allegations of the complaint.

Rafael V. Pérez Marchand moved for leave to intervene in this action, alleging that he had an interest in the case and a right as between the parties thereto consisting of a contract for professional services amounting to half of the sum of a thousand dollars which had been deposited for the defendant in another case and attached by the plaintiffs in this case. The District Court of Ponce sustained the motion in intervention and admitted the complaint of Pérez Marchand, allowing time for an answer.

It was alleged in the complaint in intervention that an attachment had been levied on the sum of one thousand dollars which was deposited in the office of the clerk of the District Court of San Juan in favor of Carlos R. Chavier in civil case No. 794; that the judgment and the thousand dollars were the result of the professional activities of the intervenor as counsel for Chavier in that case in which defendant Chavier had agreed to pay to his attorney, the intervenor, fifty percent of any amount recovered; that the attachment levied by A. Méndez & Brother is illegal and void because five hundred dollars of the sum levied on belongs to intervenor Pérez Marchand.

A. Méndez & Brother had opposed the motion for leave to intervene on the ground that it did not adduce facts sufficient to determine a right to intervene. To the complaint in intervention A. Méndez & Brother demurred for lack of facts and their demurrer was overruled, whereupon they filed an answer alleging, among other things, that the total sum deposited in civil case No. 794 was $1,250 of which $250 was exclusively for attorney's fees and that that sum had been agreed on in a compromise reached by counsel for Chavier with Aguayo. They denied the other essential facts of the complaint of the intervenor, again referred to the agreement for $250 as attorney's fees and alleged that any contract for professional services to which A. Méndez & Brother had not been a party could not prejudice them. The case was prosecuted to trial and after having heard the evidence of both

parties the court sustained the complaint and ordered that A. Méndez & Brother recover from Carlos R. Chavier the sum of $600 with interest at six percent annually from August 30, 1924, until the said sum was fully paid and that intervenor Marchand recover the sum of $500 belonging to him, adjudging also the nullity and dissolution of the attachment levied in the case on the judgment rendered in suit No. 794.

A. Méndez & Brother appealed from that part of the judgment which sustained the complaint in intervention and gave notice of the appeal to the intervenor.

Two errors are assigned by the appellants. The first refers to the dismissal of the demurrer to the complaint in intervention for lack of facts to show a cause of action and the second is to the effect that the judgment is contrary to the law and the facts.

Section 72 of the Code of Civil Procedure governs the matter of intervention and reads as follows:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claim of what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court, and served upon the parties to the action or proceeding who have not appeared. and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an ordinary complaint."

Of this statute the first lines should be given special attention, for they are fundamental to the right of intervention, above all the following words: ". . . . may intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both."

It is an indispensable condition to have an interest in the

matter in litigation in order to be able to intervene. The possible existence of a credit of any kind against the defendant is not generally justification for the intervention.

In *Mari* v. *Mari*, 26 P.R.R. 603, the Royal Bank of Canada intervened in the action between Ernesto Mari and Juan Mari, but alleged that it had made an agricultural loan to the defendant secured by certain agricultural products which were the same products attached in the action between the Maris. In the opinion in the case this court quoted from 20 R.C.L. 687, as follows:

"Persons who have liens on the property affected by the suit or whose liens may be impaired by the judgment are entitled to intervene."

In *Trueba* v. *Zalduondo*, 34 P.R.R. 713, the following is found in the opinion:

". . . . In the case of *Heirs of Garriga* v. *O'Meara & Co.*, 28 P. R. R. 332, it was held that intervention lies when a conflict arises between citizens regarding the better rights to collect their credits out of specified properties of a common debtor, and that doctrine was ratified in *Hernández Acosta* v. *District Court of San Juan, ante*, page 652."

And in the case of *Hernández Acosta* v. *District Court*, 34 P.R.R. 652, the doctrine is:

"Intervention may be based either on the ownership of the property attached as belonging to the debtor, or on the intervenor's right to be paid his credit in preference to the creditors in the main action."

We can not accept the theory that intervenor Pérez Marchand had a lien or a preferred right on the thousand dollars deposited in the office of the clerk of the court in the action referred to. There is nothing in our statutes which creates a lien in favor of the attorney on the costs allowed to the litigant party. This assertion is in harmony with the doctrine laid down in the case of *Ricardo Casals* v. *Angelina Rosario*, 34 P.R.R. 73, in which the court said:

"The costs, including attorney fees, really belong to the client and any attorney may act as agent to establish the costs."

This matter being so decided, it is unnecessary to enter into a consideration of the other assignment of error.

The judgment appealed from should be reversed as regards the allowance of intervention and declaration of rights of the intervenor and in regard to the nullity and dissolution of the attachment, and affirmed as to that part which adjudges that defendant Chavier pay to A. Méndez & Brother the amount of their claim, with interest and costs.